IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

    Plaintiff,

v.

UC DAVIS; UC DAVIS (MARTIN LUTHER KING LAW CENTER); CARTER C. WHITE; KEVIN R. JOHNSON; THOMAS PEREZ (DEPARTMENT OF JUSTICE),

    Defendants.

No. 2:11-cv-01164 KJM KJN PS

<u>ORDER and FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, who is proceeding without counsel, filed a complaint and an application to proceed in forma pauperis, which is presently before the court.[1]  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that his complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

I.    <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  §§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in
2  forma pauperis.

3  However, the determination that a plaintiff may proceed in forma pauperis does
4  not complete the inquiry.  The court is also required to screen complaints brought by parties
5  proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
6  1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
7  dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
8  allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
9  claim on which relief may be granted, or the action seeks monetary relief against an immune
10  defendant.

11  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on
14  an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,
15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,
16  has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

17  In assessing whether a plaintiff's complaint fails to state a claim on which relief
18  can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading
19  standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
20  "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.
21  P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130
22  S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all
23  well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
24  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th
25  Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial
26  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

II.     Screening of Plaintiff's Complaint

Plaintiff's complaint is one of 19 actions that plaintiff has filed in this court within the last year.[2] In this action, plaintiff alleges that his civil rights were violated by a discriminatory act he encountered when seeking legal representation from the civil rights clinic at the University of California at Davis's law school. Plaintiff alleges that he approached defendant

---

[2] Plaintiff can be fairly characterized as a frequent filer of lawsuits in this court. During the period of November 4, 2010, through August 1, 2011, plaintiff filed 19 actions in this court. (See Graves v. Holder, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.); Graves v. Berrien, No. 2:10-cv-03015 MCE EFB PS (TEMP) (E.D. Cal.); Graves v. Clinton, No. 2:10-cv-03106 JAM DAD PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03128 JAM KJN PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); Graves v. Donahoe, No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); Graves v. Visek, No. 2:11-cv-00367 JAM GGH PS (E.D. Cal.) (closed); Graves v. Sebelius, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); Graves v. Dept' of Health & Human Servs., No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01078 JAM CMK PS (TEMP) (E.D. Cal.) (closed); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); Graves v. U.S. Dep't of Health & Human Servs., No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); Graves v. UC Davis, No. 2:11-cv-01164 KJM KJN PS (E.D. Cal.); Graves v. Mendez, 2:11-cv-01316 KJM EFB PS (TEMP) (E.D. Cal.); Graves v. Johnson, No. 2:11-cv-01851 GEB GGH PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01943 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01977 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01988 GEB JFM PS (E.D. Cal.); Graves v. The Big 3 Credit Agencies, No. 2:11-cv-02024 MCE GGH PS (E.D. Cal.).

1  Carter C. White, the person alleged to be in charge of the clinic, in a hallway, apparently at the
2  law school.  (See Compl. at 2.)  Plaintiff further alleges that he orally requested legal
3  representation by Mr. White and the law school's clinic, but was told that he must submit his
4  request to the clinic in writing.  (See id.)  Plaintiff alleges that this act of requiring plaintiff to
5  submit a request for assistance in writing violated his civil rights because a written request "is not
6  necessary."  (See id.)  In terms of relief, plaintiff requests, among other things, that U.C. Davis be
7  prohibited from using "the name 'Martin Luther King' or any other civil rights icon as a name."
8  (Id. at 4.)

9            The undersigned recommends that plaintiff's action be dismissed with prejudice.
10 First, the undersigned recommends that plaintiff's lawsuit be dismissed as frivolous or malicious
11 pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's claims have no basis in law.  Plaintiff was
12 not denied services from the law clinic.  Rather, plaintiff was directed to submit a claim in
13 writing.  Plaintiff's claim that his civil rights were violated when the person in charge of the law
14 clinic refused to represent plaintiff as plaintiff's attorney upon an oral request to do so lacks any
15 basis in the law.  Instead, plaintiff's lawsuit appears to be an attempt to harass or punish the law
16 school, its legal clinic, and its employees because plaintiff is unhappy with the clinic's
17 procedures.  As such, plaintiff's lawsuit should not be permitted to proceed.

18            Second, even if plaintiff's lawsuit is not frivolous or malicious, plaintiff's lawsuit
19 should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff lacks Article III
20 standing. The United States Supreme Court has held that "to satisfy Article III's standing
21 requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and
22 particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly
23 traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely
24 speculative, that the injury will be redressed by a favorable decision.  Friends of the Earth, Inc. v.
25 Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citation omitted).  Here,
26 plaintiff has not alleged facts that establish that he has suffered an "injury in fact."  At most, his

4

injury was that he was required to submit a request for legal assistance in writing, as opposed to making an oral request.  Although plaintiff has alleged that he has a physical disability, he has not alleged how the requirement of a written request for representation injured him.  Nor can he sufficiently allege an injury in fact.  Plaintiff alleges that he traveled to the law school's campus and approached Mr. White there.  Additionally, plaintiff has demonstrated that preparing and filing written requests for relief is no hardship for him—he has filed 19 lawsuits in this court, in person, in less than one year.  In short, plaintiff lacks Article III standing to pursue his claim.

        For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

        It is FURTHER RECOMMENDED that plaintiff's complaint be dismissed with prejudice, and the Clerk of Court be directed to close this case.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO ORDERED AND RECOMMENDED.

DATED:  September 8, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE